UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>GEOKINETICS INC., *et al.*,[1]<br><br>     Debtors. | Bankruptcy Case<br>No. 18-33410<br>Chapter 11<br>(Jointly Administered) |
| MARK E. HOLLIDAY, LIQUIDATING TRUSTEE,<br><br>c/o Bayard, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801,<br><br>     Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES, INC.,<br><br>SERVE:<br><br>Fleetcor Technologies, Inc.<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808,<br><br>     Defendant. | Adv. Proc. No. 20-_____ |

**COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO
<u>DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502</u>**

COMES NOW Mark E. Holliday, as Liquidating Trustee ("**Plaintiff**") for the Liquidating Trust (the "**Liquidating Trust**") established pursuant to the confirmed *First Amended Joint Plan of Liquidation of Geokinetics Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: Geokinetics Inc. (0082); Geokinetics USA, Inc. (0110); Geokinetics Processing, Inc. (9897); Geokinetics Holdings USA, Inc. (6645); Geokinetics International Holdings, Inc. (8468); Geokinetics International, Inc. (2143); Geokinetics Exploration, Inc.; and Advanced Seismic Technology, Inc. (9540).

*Code* [D.I. 443] (the "**Plan**") against Fleetcor Technologies, Inc. to (i) avoid and recover transfers pursuant to sections 547, 548, and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**"), and (ii) disallow any claims held by Defendant. In support of the Complaint, Plaintiff represents and alleges, upon information and belief, as follows:

## NATURE OF ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period immediately preceding the commencement of the above-captioned, formerly jointly administered bankruptcy cases (the "**Chapter 11 Cases**") of Geokinetics Inc. and its formerly jointly administered chapter 11 affiliates (collectively, the "**Debtors**") pursuant to sections 547, 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and 502(j) of the Bankruptcy Code, any claim held by Defendant that has been filed or asserted, or is otherwise reflected in the Debtors' schedules, in these Chapter 11 Cases. Plaintiff does not waive, but hereby expressly reserves, all rights held by Plaintiff, the Liquidating Trust, and the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through 502(j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding (the "**Adversary Proceeding**"), which arises under title 11, arises in and relates to the Chapter 11 Cases, which are cases under title 11 of the United States Code proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This Adversary Proceeding is a "core" proceeding which may be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. Pursuant to Local Rule 7008-1 of the Bankruptcy Local Rules established by the Court (the "**Local Rules**"), Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PROCEDURAL BACKGROUND

8. On June 25, 2018 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. From the Petition Date through the Effective Date (as defined below), each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On October 16, 2018, the Debtors filed the Plan.

10. On October 19, 2018, the Court entered the *Order Confirming First Amended Joint Plan of Liquidation* [D.I. 454] (the "**Confirmation Order**") confirming the Plan, and the Plan became effective on October 31, 2018 (the "**Effective Date**").

11. On the Effective Date, the Debtors' estates were substantively consolidated into a single estate. Plan, Art. V, § A.

12. Pursuant to the Plan, on the Effective Date, the Liquidating Trust was established, and the Liquidating Trustee was appointed to administer the Liquidating Trust, including by

3

prosecuting and settling all Retained Causes of Action[2] such as the Avoidance Actions. Plan, Art. V, § G.

13. Pursuant to the Plan, General Unsecured Claims constitute an impaired class of creditors and are not expected to be paid in full. Plan, Art. III, § (C)(4).

## PARTIES

14. Pursuant to the Plan, upon the Effective Date, the Liquidating Trustee was appointed to administer the Liquidating Trust. Plan, Art. V, § G. Also on the Effective Date, the Retained Causes of Action, including Avoidance Actions, vested in the Liquidating Trust. *Id.* Accordingly, Plaintiff is authorized and has standing to, among other things, pursue, settle, dismiss, or abandon the Retained Causes of Action, including this Adversary Proceeding.

15. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that transacted business in the United States with the Debtor. Upon further information and belief, at all relevant times, Defendant is a corporation organized pursuant to the laws of the state of Delaware.

## FACTUAL BACKGROUND

16. The Debtors were a full-service global provider of seismic data acquisition, processing, and integrated reservoir geosciences services to the oil and natural gas industry. As further detailed in the *Declaration of David Crowley in Support of First Day Pleadings* [D.I. 30] (the "**Crowley Declaration**"), prior to the Petition Date, the Debtors faced significant challenges because the "demand for seismic acquisition services has been sensitive to the level of exploration spending by oil and gas companies" and beginning in the latter half of 2104 a sustained period of low drilling began which "adversely affected operating results." Crowley

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Plan.

4

Declaration at ¶ 25. Ultimately, the Debtors' continuing challenges culminated in the filing of these Chapter 11 Cases on June 25, 2018.

17. Prior to the Petition Date, the Debtors maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

18. The Debtors regularly purchased goods from various entities including vendors, creditors, suppliers, and distributors. The Debtors also regularly paid for services used to facilitate its business operations.

19. As set forth in more detail in the *Debtors' Emergency Motion for Order (A) Authorizing the Debtors to (I) Continue Using Existing Centralized Cash Management System, as Modified (II) Honor Certain Pre-Petition Obligations and (III) Maintain Existing Bank Accounts and Business Forms, and (B) Granting Related Relief* [D.I. 7] (the "**Cash Management Motion**"), the Debtors consisted, prior to the Petition Date, of affiliated entities and utilized a complex centralized cash management system (the "**Cash Management System**"), consisting of numerous bank accounts (the "**Bank Accounts**") which are detailed on Exhibit A to the Cash Management Motion. The Cash Management System also contained one operating account (the "**Operating Account**") with the Bank of Texas. Per the Cash Management Motion, the Operating Account functioned as follows:

> The Debtors use one centralized account (the "Operating Account") owned by Geokinetics USA, Inc. ("GOK") to manage the in-flows and out-flows of substantially all of the Debtors' and their affiliates cash. The Operating Account is located at the Bank of Texas, which is an approved depository. The Operating Account is used to fund virtually all foreign and domestic operations. As part of its funding practices, GOK moves cash out of the Operating Account to operating entities as needed to cover any cash shortfalls. In addition to covering cash needs, the Operating Account is used to fund all corporate overhead. Both

> the shortfall transfers and the corporate overhead payments that come from the Operating Account are allocated to the appropriate operating entity and recorded as intercompany receivables of GOK.

Cash Management Motion at ¶ 12. The Debtors' Operating Account and Bank Accounts are listed on Exhibit B to the Cash Management Motion.

20. The Operating Account and Bank Accounts were part of a carefully constructed cash management system, which was designed to (i) provide an efficient method of collecting, transferring and disbursing funds; (ii) establish procedures and controls necessary to account for funds in an accurate manner; and (iii) facilitate satisfaction of the Debtors' financial obligations.

21. During the ninety (90) day period immediately preceding the Petition Date (the "**Preference Period**"), the Debtors continued to operate their businesses and, in connection therewith, continued to make disbursements or other transfers of property, whether by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities. The Debtors made disbursements and transfers, including those Transfers made to Defendant, though their Cash Management System, as described herein.

22. Upon information and belief, Defendant provided goods and/or services to the Debtors at varying times prior to the Petition Date.

23. Prior to the Petition Date, one or more of the Debtors and Defendant engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by contracts, invoices, communications, and other documents (collectively, the "**Agreements**"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described herein.

24. Plaintiff has completed an analysis of all readily available information provided by or otherwise obtained from the Debtors. Upon information and belief, the Debtors made one

or more transfers of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than $70,480.17 (each a "**Transfer**" and, collectively, the "**Transfers**"). The details of each Transfer are set forth in **Exhibit A**, as attached hereto and fully incorporated herein by reference.

25. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors' property made to or for the benefit of Defendant or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of details describing Defendant, including but not limited to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action authorized by the Plan or the Bankruptcy Code (collectively, the "**Amendments**"). Such Amendments shall be deemed to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

26. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

27. During the Preference Period, one or more of the Debtors (the "**Transferring Debtor**") made Transfers to or for the benefit of Defendant in an aggregate amount not less than $70,480.17.

28. Each Transfer was paid from one or more of the Bank Accounts or the Operating Account described *supra*, and constituted transfers of an interest in property of the Transferring Debtor.

29. Defendant was a creditor of the Transferring Debtor at the time each Transfer was made by virtue of supplying goods and/or services, as described herein and in the Agreements, for which the Transferring Debtor was obligated to pay in accordance with the Agreements.

30. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied one or more debts then owed by the Transferring Debtor to Defendant.

31. Each Transfer was made for, or on account of, one or more antecedent debts owed by the Transferring Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) held by Defendant immediately prior to each such Transfer.

32. Each Transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

33. Each Transfer was made during the Preference Period. *See* **Exhibit A**.

34. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtors' estates were liquidated through proceedings under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; or (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the underlying bankruptcy case and by the proofs of claim that were received in the in connection therewith, the Debtors' liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

35. The Plaintiff has conducted reasonable due diligence in the circumstances of the case and has taken into account the Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

36. The Plaintiff made demand upon the Defendant for return of the monies paid by the Transfers. The Defendant has failed to remit the amount of the Transfers to the Plaintiff.

37. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548)

38. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

39. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 548.

40. The Transfers were made within two (2) years prior to the Petition Date.

41. The Transfers were made to, or for the benefit of, the Defendant.

42. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Transfers was not on account of an antecedent debt, the Debtors did not receive reasonably equivalent value in exchange for the Transfers, because the value of the services and/or goods the Debtors received was less than the value of the Transfers and the Debtors were: (i) insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Debtors was unreasonably small capital at the time of, or as a result of, the Transfers; and/or (iii) the Debtors intended to incur, or believed that it would incur, debts that would be beyond that Debtors' ability to pay such debts.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

43. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

44. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) or § 548(a).

45. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

46. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the full amount of each Transfer, as set forth in **Exhibit A**, plus interest accrued thereon from the date of each Transfer to the date Plaintiff recovers payment from Defendant.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

47. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

48. Defendant is a transferee of one or more transfers avoidable under section 547 or 548, each of which is recoverable property under section 550 of the Bankruptcy Code.

49. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

50. Pursuant to 11 U.S.C. § 502(d), any Claim, held either by Defendant or by any of its assignees or successors in interest, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

51. Pursuant to 11 U.S.C. § 502(j), any previously allowed Claim, held either by Defendant or by any of its assignees or successors in interest, against the Debtors' chapter 11

estates or Plaintiff must be reconsidered and deemed disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding each Transfer and directing Defendant to remit to Plaintiff the amount of each Transfer, pursuant to 11 U.S.C. §§ 547(b), 548(a) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or against the Plaintiff until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 24, 2020

BAYARD, P.A.

*/s/ Evan T. Miller*
Evan T. Miller (admitted *pro hac vice*)
Sophie E. Macon (admitted *pro hac vice*)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: emiller@bayardlaw.com
smacon@bayardlaw.com

*Counsel to Mark E. Holliday in his Capacity as Liquidating Trustee*